**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Wilson Tool International Inc. | Court File No._____ |
| Plaintiff, | |
| v. | |
| Mate Precision Tooling, Inc., | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Wilson Tool International Inc., for its Complaint for Patent Infringement against Defendant Mate Precision Tooling, Inc., states and alleges as follows:

### THE PARTIES

1. Plaintiff Wilson Tool International Inc. ("Plaintiff") is a Minnesota corporation, with its principal place of business located at 12912 Farnham Avenue, White Bear Lake, Minnesota, 55110.

2. Plaintiff designs, manufactures, and sells tools for use in the punching, bending, stamping, and tableting industries.

3. Defendant Mate Precision Tooling, Inc. ("Defendant") is a Minnesota corporation with its principal place of business located at 1295 Lund Boulevard, Anoka, Minnesota, 55303.

4. Defendant manufactures and sells tools and products for sheet metal fabricators.

## JURISDICTION AND VENUE

5. This is an action for patent infringement of United States Patent Nos. 9,687,994 (hereinafter the "'994 Patent"), and 9,776,337 (hereinafter the "'337 Patent"), pursuant to United States Patent Act, 35 U.S.C. § 1 *et. seq.*, including at least 35 U.S.C. §§ 271 and 281-285.

6. This Court has original and exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because Defendant is a Minnesota corporation with its principal place of business in Minnesota, Defendant is subject to personal jurisdiction in this District, and Defendant has committed acts of infringement in this district.

## FACTUAL BACKGROUND

**A.  The '994 Patent.**

8. On June 27, 2017, the United States Patent and Trademark Office duly and lawfully issued the '994 Patent, entitled "PUNCH ASSEMBLIES AND METHODS FOR MODIFYING." All rights, title, and interest in and to the '994 Patent were assigned to Plaintiff, who is listed as the assignee on the face of the '994 Patent. A true and correct copy of the '994 Patent is attached hereto as **Exhibit A** and incorporated as if fully set forth herein.

9. The '994 Patent is directed to punch assemblies, in particular to configurations of punch assemblies that facilitate methods for modifying the assemblies. The inventions embodied in the '994 Patent include configurations of punch assemblies,

for example, punch holders that can retain and release punch tips and are configured for manual actuation without needing a tool.

10. The '994 Patent is a continuation of patent application number 13/708,318, which has a first publication date of June 6, 2013.

**B.  The '337 Patent.**

11. On October 3, 2017, the United States Patent and Trademark Office duly and lawfully issued the '337 Patent, entitled "PUNCH ASSEMBLIES AND METHODS FOR MODIFYING." All rights, title, and interest in and to the '337 Patent were assigned to Plaintiff, who is listed as the assignee on the face of the '337 Patent. A true and correct copy of the '337 Patent is attached hereto as **Exhibit B** and incorporated as if fully set forth herein.

12. The '337 Patent is directed to punch holder and punch tip assemblies. The inventions embodied in the '337 Patent include configurations of punch assemblies, for example, punch holders that can retain and release punch tips and are configured to engage a punch tip against an end of the punch holder.

13. The '337 Patent has patent application number 13/708,318, with a first publication date of June 6, 2013.

**C.  Defendant's Infringing Activities.**

14. Defendant manufactures and sells punch driver assemblies and punch inserts, including its "Ultra QCT – Quick Change Thick Turret Tooling System" line of products.

15. The "Ultra QCT" products include punch driver assemblies with part numbers MATE02401, MATE02404, PAQA3A0188, and PAQB1A0250X1000. Attached hereto as **Exhibit C** is a catalog for the "Ultra QCT" products, which describes and advertises the "Ultra QCT" punch driver assemblies for sale.

16. Defendant's "Ultra QCT" punch driver assemblies and any other product substantially similar thereto (hereinafter the "Accused Punch Assembly Products") incorporate important and valuable technical inventions embodied in the '994 Patent, including, without limitation, a retain-and-release member that is configured to retain a punch tip and is pivotable in response to application of a manual force. Attached hereto as **Exhibit D** is a claim chart analyzing how each element of Claims 1-4, 6-8, 17-22, and 27-29 of Plaintiff's '994 Patent is present in Defendant's Accused Punch Assembly Products. **Exhibit D** is incorporated by reference as if fully set forth herein.

17. The Accused Punch Assembly Products also incorporate important and valuable technical inventions embodied in the '337 Patent, including, without limitation, a punch tip that is keyed to one end of the punch holder, and abuts the punch holder during punching operations. Attached hereto as **Exhibit E** is a claim chart analyzing how each element of Claims 1-7, 11-14, and 20-24 of Plaintiff's '337 Patent is present in Defendant's Accused Punch Assembly Products. **Exhibit E** is incorporated by reference as if fully set forth herein.

18. On information and belief, Defendant has notice and actual knowledge of Plaintiff's patents, as during prosecution of Defendant's own patent, Defendant cited to patents owned by and attributable to Plaintiffs. Namely, in the information disclosure

statement for Defendant's patent application number 14/985,863, Defendant cited patent publication number 2013-0139667, which is the publication number for Plaintiff's patent application number 13/708,318.

19. By manufacturing, using, selling, offering for sale, and/or importing the Accused Punch Assembly Products, Defendant directly infringed and continues to infringe Plaintiff's intellectual property rights.

20. In addition, by manufacturing, using, selling, offering for sale, and/or importing the Accused Punch Assembly Products, Defendant has profited without Plaintiff's authorization and without compensating Plaintiff for the exploitation of Plaintiff's intellectual property rights.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 9,687,994**

21. Plaintiff restates and realleges the foregoing paragraphs in this Complaint as though fully set forth in this Count.

22. The Accused Punch Assembly Products, including without limitation the products with part numbers MATE02401 and MATE02404, infringe at least Claims 1-4, 6-8, 17-22, and 27-29 of the '994 Patent, as detailed in the claim chart attached as **Exhibit D**.

23. Defendant has infringed and continues to infringe the '994 Patent by making, using, selling, offering for sale, and/or importing into the United States, including within this District, the Accused Punch Assembly Products, including without

5

limitation the products with part numbers MATE02401 and MATE02404, which comprise acts of infringement under 35 U.S.C. § 271(a).

24.     On information and belief, Defendant's infringement of the '994 Patent has been and continues to be willful and deliberate, in disregard of Plaintiff's rights, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

25.     As a result of Defendant's infringement of the '994 Patent, Plaintiff has suffered damages and is entitled to a judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use of Plaintiff's inventions, together with interest and costs as fixed by the Court.

26.     Defendant's infringement of the '994 Patent has caused and will continue to cause irreparable harm to Plaintiff, thus entitling Plaintiff to injunctive relief enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '994 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,776,337

27.     Plaintiff restates and realleges the foregoing paragraphs in this Complaint as if fully set forth in this Count.

28.     The Accused Punch Assembly Products, including without limitation the products with part numbers MATE02401, MATE02404, PAQA3A0188, and PAQB1A0250X1000, infringe at least Claims 1-7, 11-14, and 20-24 of the '337 Patent, as detailed in the claim chart attached as **Exhibit E.**

29. Defendant has infringed and continues to infringe the '337 Patent by making, using, selling, offering for sale, and/or importing into the United States, including within this District, the Accused Punch Assembly Products, including without limitation the products with part numbers MATE02401, MATE02404, PAQA3A0188, and PAQB1A0250X1000, which comprise acts of infringement under 35 U.S.C. § 271(a).

30. On information and belief, Defendant's infringement of the '337 Patent has been and continues to be willful and deliberate, in disregard of Plaintiff's rights, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

31. As a result of Defendant's infringement of the '337 Patent, Plaintiff has suffered damages and is entitled to a judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use of Plaintiff's inventions, together with interest and costs as fixed by the Court.

32. Defendant's infringement of the '337 Patent has caused and will continue to cause irreparable harm to Plaintiff, thus entitling Plaintiff to injunctive relief enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '337 Patent.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for a judgment that:

1. Defendant has infringed the '994 Patent;

2. Defendant has infringed the '337 Patent;

3. Awards Plaintiff damages in accordance with 35 U.S.C. § 284, including all damages adequate to compensate Plaintiff for Defendant's infringement, in no event less than a reasonable royalty, such damages to be determined by a jury, and additionally, ordering an accounting sufficient to adequately compensate Plaintiff, and that such damages be awarded to Plaintiff, together with interest, including prejudgment and post-judgement interest, and costs;

4. Defendant has willfully and deliberately committed acts of patent infringement, and awarding Plaintiff enhanced damages in light of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

5. This is an "exceptional case" under 35 U.S.C. § 285 and awarding Plaintiff the reasonable legal fees, costs and expenses that Plaintiff has incurred in prosecuting this action;

6. Defendant and its officers, directors, agent, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith be permanently enjoined from further infringement of the '994 Patent;

7. Defendant and its officers, directors, agent, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith be permanently enjoined from further infringement of the '337 Patent;

8. Any and all other relief, at law or equity, as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable by right under Rule 38 of the Federal Rules of Civil Procedure.

Dated:  October 10, 2017

s/Kurt J. Niederluecke
Kurt J. Niederluecke (#0271597)
Laura L. Myers (#0387116)
Anne E. Rondoni Tavernier (#0398516)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000

kniederluecke@fredlaw.com
lmyers@fredlaw.com
arondonitavernier@fredlaw.com

*Attorneys for Plaintiff*

61883335.4